**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Allaina Johnson, Alterek Anderson, Christian
Boatwright, Patrice McAdams, and Anthony McAdams,
Defendants,

Of whom Allaina Johnson is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2023-001346

Appeal From Laurens County
Joseph C. Smithdeal, Family Court Judge

Unpublished Opinion No. 2024-UP-422
Submitted December 12, 2024 – Filed December 13, 2024

**AFFIRMED**

Kindle Kay Johnson, of K. Johnson Law Firm, LLC, of
Rock Hill, for Appellant.

Rosemerry Felder-Commander, of South Carolina Department of Social Services, of Laurens; and Andrew Troy Potter, of Anderson, both for Respondent.

Marcus Wesley Meetze, of Laurens, for the Guardian ad Litem.

---

**PER CURIAM:** Allaina Johnson (Mother) appeals a family court order requiring custody of her minor child (Child) to remain with Child's maternal grandmother (Grandmother) and her husband (collectively, Grandparents), allowing the South Carolina Department of Social Services (DSS) to forego services aimed at reunification, closing the case, and granting her unsupervised visitation with Child. On appeal, Mother argues the family court erred in (1) allowing DSS to forego services aimed at reunification without providing for a subsequent permanency planning hearing, (2) authorizing the agency to forego services without identifying a more specific statutory basis for doing so, and (3) finding Mother had not made sufficient behavioral changes and could not provide a safe home for Child. We affirm.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo." *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019). Despite this court's standard of review, we are mindful that the family court, which saw and heard the witnesses, was in a better position to evaluate the credibility of the witnesses and assign comparative weight to their testimonies. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011). Moreover, the appellant has the burden of showing this court the greater weight of the evidence is against the family court's findings. *Id*. at 392, 709 S.E.2d at 655.

Initially, we find Mother did not preserve either issue regarding the authorization of DSS to forego reunification services because she failed to raise these issues to the family court. *See Payne v. Payne*, 382 S.C. 62, 70, 674 S.E.2d 515, 519 (Ct. App. 2009) ("Issues not raised and ruled upon in the [family] court will not be considered on appeal."). When the parties discussed whether the hearing was one for permanency planning or judicial review, Mother did not argue that closing the case would be premature. Instead, after the family court confirmed that the hearing was "simply a judicial review," Mother stated she was seeking to close the case that day. Moreover, the record does not reflect any posttrial motions pointing out alleged error in the order's general citation to section 63-7-1640 of the South Carolina Code (Supp. 2024). Accordingly, we find these issues unpreserved for

this court's review.

Further, we hold the preponderance of the evidence supports the family court's findings regarding Mother's failure to make behavioral changes and inability to provide a safe home for Child. *See Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 (explaining that the de novo standard of review does not absolve the appellant of the burden of showing this court the greater weight of the evidence is against the family court's findings); *id.* at 384, 709 S.E.2d at 651 ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); S.C. Code Ann. § 63-7-20(22) (Supp. 2024) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."). The DSS caseworker testified Mother was court-ordered to complete anger management or individual counseling, and although Mother attended counseling until July 2022, she testified that she no longer needed counseling. Her former therapist and expert in mental health counseling, however, testified that in July 2022, she recommended Mother continue receiving mental health therapy and referred Mother to another provider when Mother indicated she was moving. Moreover, much of the testimony revolved around Mother's actions at a December 2022 visitation during which Grandmother called the police after Mother hurled epithets at her and disrupted the visitation. Denean Banister, Child's therapist and DSS's mental health counseling expert, testified that this incident led her to recommend temporarily suspending visitation and caused Child to regress therapeutically.

Additionally, the record contains no indication Mother acknowledged the reasons for Child's removal. Child was first removed from her care in 2018 following a reported incident of domestic violence in which Mother locked Child in the bathroom due to threats by Alterek Anderson, her then-boyfriend—and now-husband—to kill him. However, even five years later, she termed the events that led to Child's initial removal a "misunderstanding" and a "mistake." Child was again removed from her care later in 2018 following allegations that Mother violated a no-contact order by allowing Anderson around Child. At the judicial review hearing, she admitted only to a "perception" that she allowed Anderson to have contact with Child, despite Banister's testimony that Child's distrust of Mother stemmed, in part, from Mother allowing Anderson to attend an unsupervised visitation. Finally, neither of Child's therapists who testified— including Mother's own expert—recommended Child return to Mother's care. Banister, in particular, testified Child had a "tremendous" fear of returning to Mother's home because he was afraid of Anderson and did not trust Mother. We

hold Mother's minimization of the events that led to Child's removal, the copious testimony regarding his continued fear of Anderson, and his safety and stability in Grandparents' home support the family court's finding that Mother failed to make behavioral changes and was unable to provide a safe home for Child.

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.